UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY LUKETICH and JOSEPH
LUKETICH,

               Plaintiffs,

-vs-

MENARD, INC.,

            Defendant.

USDC Case No.
Lower Court Case No. 18-110973-NO
Judge:
Mag. Judge:

| | |
|---|---|
| GEORGE HAMO P33033<br>ALEX HAMO P80620<br>Attorneys for Plaintiffs<br>614 S. Grand Traverse St.<br>Flint, MI 48502<br>(810) 234-3667 (Fax: 9057) | CHANEL R. SHAMOUN P75102<br>GARAN LUCOW MILLER, PC<br>Attorney for Defendant<br>10801 S. Saginaw St., Bldg. D<br>Grand Blanc, MI 48439<br>(810) 695-3700 (Fax: 6488) |

**NOTICE OF REMOVAL OF CAUSE TO**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**<u>SOUTHERN DIVISION</u>**

TO:    George Hamo P33033/Alex Hamo P80620
        Clerk of the Court – Genesee County Circuit Court

    1.    On May 17, 2018, Plaintiffs commenced this action in the Circuit Court for the County of Genesee, State of Michigan, by filing their Summons and Complaint in which Menard, Inc., is named the Defendant.

    2.    Plaintiffs, Mary Luketich and Joseph Luketich, are described by Plaintiffs as citizens and residents of the State of Michigan.

    3.    Plaintiffs herein seek recovery from Defendant Menard, Inc., under 42 U.S.C. §1395y, among other allegations.

    4.    This Court has original jurisdiction over Plaintiffs' claims inasmuch as the claims arise under the Constitution and laws of the United States and this action is

removable to this Court pursuant to 28 U.S.C. §1441 (a), (b) and 28 U.S.C. sec. 1443(2). The entire cause is removable, including claims arising under Michigan law, pursuant to 28 U.S.C. sec 1441(c).

5.     That this Notice for Removal is hereby filed with the Court within 30 days after receipt by Defendant Menard, Inc., received a copy of Plaintiffs' Complaint, as required by 28 U.S.C. § 1446(b), having been received by Defendant's counsel, on May 18, 2018.

6.     That written notice of the filing of this Notice for Removal, has been given to the adverse party as required by law and a copy of the Notice for Removal has been filed with the Clerk of the Circuit Court for the County of Genesee, State of Michigan.

7.     Attached is a copy of all process and pleadings served upon Defendant Menard, Inc., in this cause. **(Exhibit A – Summons, Complaint, and Plaintiffs' First Set of Interrogatories and First Request for Production of Documents and First Request for Admissions to Defendant)**.

WHEREFORE, Defendant MENARD, INC., respectfully requests that this Honorable Court enter an Order removing this cause from the Circuit Court for the County of Genesee, State of Michigan to the United States District Court, Eastern District of Michigan, Southern Division.

s/CHANEL R. SHAMOUN
Garan Lucow Miller, P.C.
10801 S. Saginaw Street, Bldg. D
Grand Blanc MI  48439
810.695-3700
E-mail: cshamoun@garanlucow.com
P75102

Dated:  June 12, 2018

# EXHIBIT A:  Summons and Complaint

JOSEPH J. FARAH
P-30439

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|

| STATE OF MICHIGAN | | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|---|
| 7th | JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | | 2018- 110973 -NO |

**Court address**
900 S. Saginaw Street, Flint, MI 48502

**Court telephone no.**
810-237-3220

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Mary Luketich and Joseph Luketich | v | Menard, Inc. |
| **Plaintiff's attorney, bar no., address, and telephone no.**<br>George Hamo (P33033)<br>614 S. Grand Traverse St<br>Flint, MI 48502<br>810 234-3667 | | United States Corporation Company, Resident Agent<br>601 Abbot Road<br>East Lansing, MI 48823 |

**SUMMONS**   **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>MAY 17 2018 | This summons expires<br>AUG 1 5 2018 | Court clerk<br>Rachel Laux |
|---|---|---|

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court. The name of the court, file number, and details are on page ____ of the attached complaint.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**Civil Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Genesee County, MI | Defendant(s) residence (include city, township, or village)<br>Genesee County, MI |
|---|---|
| Place where action arose or business conducted<br>Genesee County, MI | |

05/17/2018
Date

/s/
Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01   (6/17)   **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Note to Plaintiff: The summons is invalid unless served on or before its expiration date.

**PROOF OF SERVICE**

| SUMMONS AND COMPLAINT |
|---|
| Case No. 2018- |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that;  (notarization required) |

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complet address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled  Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled  Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____ _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature



**A TRUE COPY**
**Genesee County Clerk**

STATE OF MICHIGAN
IN GENESEE COUNTY CIRCUIT COURT

Mary Luketich and Joseph Luketich
    Plaintiffs,

v

Menard, Inc.
    Defendant.

CASE NO: 2018-110973-NO
HON.

JOSEPH J. FARAH
P-30439

| COMPLAINT |
| --- |
| and |
| JURY DEMAND |

GEORGE HAMO (P33033)
ALEX HAMO (P80620)
Attorneys for Plaintiff
614 S. Grand Traverse St.
Flint, MI 48502
(810) 234-3667
Fax: 810-234-9057
ghamo@hamolaw.com
ahamo@hamolaw.com

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge,, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

**COMPLAINT**

    Plaintiff, through her counsel and in support of her complaint, states that at all times pertinent to this complaint:

1. Plaintiff Mary and Joseph Luketich were and still are residents of Genesee County, Michigan.

2. Defendant Menard, Inc. (hereinafter "Menard"), upon information and belief, is a state of Wisconsin corporation having a principal place of business at 5106 Old Mill Center, Eau Claire, WI 54703, and who regularly conducts business throughout Genesee County, Michigan.

3. This incident and injury occurred in Genesee County, Michigan at defendant's Davison, Michigan location.

1

4. This matter exceeds the Twenty-Five Thousand ($25,000.00) Dollar jurisdictional requirement of the court, is otherwise within the jurisdiction of this court, and Plaintiff requests a jury trial.

## COUNT I – NEGLIGENCE

5. Plaintiffs re-allege and incorporate by reference all previous paragraphs of this complaint into this count.

6. On or about May 9, 2016, Mary Luketich was walking into the main entrance of Menard located at 7410 E Court St, Davison, MI 48423, with an intention to shop.

7. On that day, time, and location, Mary Luketich was a business invitee of Menard.

8. On that day, time, and location, Menard was the possessor of the land, premises, and business located at 7410 E Court St, Davison, MI 48423.

9. On that day, time, and location, as Mary Luketich was walking through Menard main automatic door entrance, the automatic door malfunctioned and closed against her, forcefully striking and knocking her onto the floor.

10. On that day, time, and location, a Menard's employee put his hand in front of the door sensor prior to Mary Luketich walking through the automatic door, apparently in a failed attempt to keep the automatic door open so Mary Luketich could walk through the automatic door and into Menard without issue.

11. Menard, and its employees, owed certain duties to Mary Luketich on and before the above day, time, and location, including but not limited to:

   a. To not be negligent but rather to use ordinary care, meaning the care a reasonably careful person would use, for the safety of its customer Mary Luketich;

   b. To disable the automatic feature of its electronic doors if they were not operating properly and safely;

   c. To properly inspect and maintain its premises, including its electronic doors, to assure that they operated properly and safely for its customer Mary Luketich;

2

d. To assign a properly trained and qualified individual to test, inspect, examine, adjust, and maintain the subject doors regularly;

e. To protect its customer, Mary Luketich, from an unreasonable risk of harm of having its electronic doors forcefully close and strike her, when Menard knew or in the exercise of ordinary care should have known that its doors were not operating correctly and safely, and that involved an unreasonable risk of harm to Mary Luketich as a customer of Menard;

f. To protect Mary Luketich from this unreasonably dangerous condition, a condition with special features which made the condition effectively unavoidable or that gave rise to an unreasonably high risk of severe harm.

12. Any duties owed to Mary Luketich by Menard, as the possessor and occupier of the land, premises, and business located at 7410 E Court St, Davison, MI 48423, were not delegable.

13. Menard, and its employees, breached their above duties by failing to do something that a reasonably careful person would do for the safety of Mary Luketich, and further failed to use ordinary care to protect Mary Luketich, as its customer, from unreasonable risks of harm due to the unsafe condition and malfunctioning of its electronic doors.

14. As a direct and proximate result of Menard's multiple acts of negligence, Mary Luketich suffered significant and permanent injuries, including but not limited to the following:
   a. Past, present, and future severe pain and suffering;
   b. Permanent injuries;
   c. Left proximal humerus fracture to her left shoulder that required open reduction and internal fixation surgery;
   d. Permanent loss of mobility and enjoyment of life;
   e. Severe bruising/contusions;
   f. Mental anguish and anxiety;
   g. Substantial medical expenses;
   h. Physician mandated physical therapy;
   i. Physician mandated household replacement services and attendant care for life;
   j. Unable to drive a vehicle for life;
   k. Physician care expected to continue into the indefinite future;
   l. Inability to lead her normal pre-accident lifestyle.

15. As a direct and proximate result of Menard's multiple acts of negligence, Joseph Luketich suffered damages including wage loss, loss of his wife's society, companionship, and services that existed before his wife's injury, and the damages of now having to be the primary care giver for his wife who is substantially limited in activity and now requires significant assistance from him with her daily living.

## COUNT II: RES IPSA LOQUITUR

16. Plaintiffs re-allege and incorporate by reference all previous paragraphs of this complaint into this count.

17. The subject electronic doors, sensors, and related equipment do not ordinarily or normally close on a customer in the absence of negligence.

18. The subject electronic doors, sensors, and related equipment were located on Menards' premises and were within the control and possession of Menard and its employees.

19. The true explanation for the malfunction of defendant Menard's doors, sensors, and related equipment is more readily accessible to Menard and its employees than to plaintiffs.

20. Plaintiff exercised no control over the operation of the doors, and any malfunction of the doors and sensors was not due to any negligent action of Mary Luketich.

21. Under the doctrine of res ipsa loquitur, Mary Luketich is entitled to a presumption or inference of negligence on defendant Menard, in that Menard's operation and maintenance of its subject doors, sensors, and related equipment was negligent.

Wherefore Plaintiff respectfully requests an amount found to be fair and reasonable by the trier of fact against Defendants along with costs, interest, and attorney fees wrongfully incurred.

Dated: May 17, 2018

George Hamo (P33033)
Alex Hamo (P80620)
Attorneys for Plaintiff
614 S. Grand Traverse St.
Flint, MI 48502
810-234-3667

4

STATE OF MICHIGAN
IN GENESEE COUNTY CIRCUIT COURT

Mary Luketich and Joseph Luketich,
     Plaintiffs,

CASE NO: 2018- *110973 - No*
HON. *Joseph J. Farah*

v

Menard, Inc.,
     Defendant.

_____/

GEORGE HAMO (P33033)
ALEX HAMO (P80620)
Attorneys for Plaintiff
614 S. Grand Traverse St.
Flint, MI 48502
(810) 234-3667
Fax: 810-234-9057
ghamo@hamolaw.com
ahamo@hamolaw.com

_____/

## PLAINTIFFS' FIRST SET OF INTERROGATORIES and FIRST REQUEST FOR PRODUCTION OF DOCUMENTS and FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

     Plaintiffs Mary and Joseph Luketich request that defendants provide answers, under oath, to the following Interrogatories, and Request for Production of Documents, and Request for Admissions within twenty-eight (28) days of the date of service and in conformity with MCR 2.309, 2.310 and 2.312.

     The information available to you shall include all information which is within the possession or knowledge of your agents, employees, attorneys, investigators or insurance carrier(s), or the agents' investigators, officers or employees or such insurance carrier(s).

     The interrogatories and requests are to be deemed continuing and supplemental answers are to be timely made by the defendants, or if the defendants, their agents, or attorneys obtain or receive additional

1

information of the nature sought by these interrogatories at any time prior to the trial of this cause.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. **"Document"** means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, logs, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, voice recordings, statements from voice recordings, repair records, maintenance records, and inspection reports. Plaintiffs expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. **"Electronic Data"** means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writing of every kind and description whether inscribed by mechanical, facsimile, electronic, email, magnetic, digital, or other means. Electronic

2

date includes, by way of example only, computer programs (whether private, commercial or work-in-progress), programing notes or instructions, activity listings of electronic mail (email) receipts and/or transmittals, output resulting from the use of any software program, including work processing document, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, memory drives, CD or DVD, floppy disks, CD-ROMS, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

3. Supplemental answers are demanded as you, your attorney, agents, representatives or investigators become informed of the identity of the additional witnesses or documents, or potential witnesses and documents.

## INTERROGATORIES and REQUEST FOR PRODUCTION OF DOCUMENTS and REQUEST FOR ADMISSIONS

1. Please identify the person answering these interrogatories and requests, giving the full name, residence, business address and title you hold with the Defendants.

**ANSWER:**

3

2. Please identify the person or persons assisting you with the answers to these interrogatories and requests, giving names, residence, business address and title held with the Defendants.

**ANSWER:**

3. Please provide a full and complete list of each and every claims processor, claims adjuster, claims analyst, claims representative and alike in the Defendants' employ who has at any point in time been assigned responsibility for any part of this file (including property damage claims). Further for each please state and provide:

   a. The name and current business address of said individuals;
   b. The job title and brief description of the duties and responsibilities of said individual or individuals throughout their contact with this file; and
   c. The dates which the individual or individuals were responsible for said file;
   d. Defendants' job descriptions for each individual or individuals named.

**ANSWER:**

4. At any time has an investigation been conducted with respect to any aspect of the Plaintiffs' claim which is the subject matter of this litigation? If so, without reference to any attachment, for each investigation please state:

   a. The dates made;
   b. The name, address, telephone number and job title of the person who authorized it;
   c. The name, address, telephone number of the person who performed the investigation; and
   d. Please attach a copy of each item, memo, report or document referred to above. If you will not, explain in detail why you will not.

**ANSWER:**

5.  With respect to any of the investigations listed in the answer to the preceding Interrogatory, was any report prepared?  If so, for each report, please state:

    a. The date it was prepared;
    b. The identity of the investigation from which it was prepared;
    c. The name, address, telephone number and job title or capacity of the person who prepared it;
    d. The name, address, telephone number and job title or capacity of each person to whom it was submitted;
    e. The name, address, telephone number of each and every witness listed in the report and their comments to this incident;
    f. Number of pages, whether it was oral, written or otherwise recorded;
    g. The name, address, telephone number of each and every witness not listed in the report;
    h. Please attach a copy of each item, report (including incident reports), or document referred to above. If you will not, explain in detail why you will not.

**ANSWER:**


6.  For any oral report listed in answer to the preceding Interrogatory state:

    a. Its identity, and;
    b. Its substance.

**ANSWER:**


7.  Has any surveillance of the Plaintiffs been conducted or requested by the Defendants, their attorneys, their insurers, their representatives or their agents?  If the answer to this interrogatory is yes, then set forth the following additional information:

    a. The names and addresses of all investigators or private detectives who have conducted surveillance or who have been requested to do so;
    b. The names and addresses of all employers of the investigators or private detectives disclosed above;

 c. The names and addresses of all persons who requested or hired any of the above disclosed persons, companies or agencies to conduct surveillance;

 d. The precise dates and hours during which surveillance was conducted;

 e. Whether or not any videotapes, films, or photographs were taken during the surveillance, and if so, a complete description of the pictures taken, who took them, the precise time and date on which they were taken and what you contend the pictures show with respect to any claims, injuries or losses being asserted by Plaintiffs in this case;

 f. Were any reports or logs generated as a result of surveillance disclosed above and, if so, identify the dates upon which any reports or logs were created, the names and addresses of any and all persons who generated or authored said reports, and what you contend the report(s) discloses with respect to any of the claims being made by the Plaintiffs for injuries, losses, or disabilities; and

 g. Please attach a copy of each item, picture, video(s) or document referred to above, including all billings. If you will not, explain in detail why you will not.

**ANSWER:**

8. Have any of the Defendants, their agents, employees, attorneys, or, if applicable, licensed private detectives or outside hired individuals or companies made any contact or attempted contact with the Plaintiffs, members of the Plaintiffs' family, or any of the Plaintiffs' neighbors either by way of telephone call, pretext, or in person? If the answer to this Interrogatory is in the affirmative, then set forth the following additional information:

 a. The name, address and employer of the person or persons who made the contact or attempted the contact.

 b. The name and address of the person contacted whether directly, by telephone, through pretext, or in person.

 c. The precise time and date and place where each such contact or attempted contact took place; and

 d. A complete description of the circumstances of the contact, whether pretext was used, and if so, what pretext was employed, and provide all statements claimed to have been made by the persons contacted.

**ANSWER:**

9. If any work product privilege is claimed for any of the above documents and/or reports, please state:

    a. Basis of such claim; and
    b. Identity of such document and/or report.

**ANSWER:**

10. Do the Defendants have possession or control of any record, pictures or videos, or other tangible item or document, as defined in the prelude to this discovery, which constitutes or may be evidence of this incident and/or may be an exhibit or proposed exhibit for trial . purposes in the above-captioned cause of action? If so, please state:

    a. Its identity;
    b. The name, address, telephone number, and job title of the person who has custody of it now; and,
    c. Will you, without a Motion to Produce, attach a copy or permit the Plaintiffs to inspect said item?
    d. Please provide an Electronic Copy of said pictures, record, document, and videos. If you will not, why not?

**ANSWER:**

11. For any investigations performed by you, your insurance company, insurance adjusters, insurance investigators, your attorney or anyone acting on behalf of your insurance company or attorney, please provide the following documents [*Please note that all respondents to this discovery have an affirmative duty to supplement the responses to this Request for Production pursuant to MCR 2.302(E)(1)(b)(ii) up through trial.*]:

    a. A full and complete copy of all reports concerning all past or present claims asserted by Plaintiffs or persons of similar names or addresses in the possession or control of defendants or anyone acting on defendants' behalf, along with any and all amendments or supplements thereto, including without

limitation any and all reports obtained from Central Index Bureau and any other similar organization which maintain records concerning claims asserted by individuals;

b. A full and complete copy of any other documentation or physical evidence of any nature which defendants or anyone acting on defendants' behalf at any time contends is relevant to any of the issues involved in Plaintiffs' claims in this matter, including without limitation the credibility of Plaintiffs and all persons named by Plaintiffs in any discovery in this matter;

c. A full and complete copy of all documents or other items or things obtained or reviewed by defendants or anyone acting on defendants' behalf at any time relevant in any way to this suit or these pre-suit claims, whether obtained pursuant to subpoena or by the consent of any other person; and

d. A full and complete copy of all physical or documentary evidence relevant to this suit, including without limitation any and all photographs, videos, and any other tangible recordings (including recordings utilizing film, digital, manual, chemical, electrical, electromagnetic, and any other reproducible means) involving, concerning, or depicting Plaintiffs, any person who treated, examined, tested, or otherwise rendered assistance to Plaintiffs, the scene of any alleged injury, or any other item or thing in any way relevant or possibly relevant to this claim.

**ANSWER:**

12. Please set forth each defense that Defendants will assert to this cause of action whether by motion or at trial. As to each such defenses, set forth its detailed factual basis.

**ANSWER:**

13. Please set forth the name, address, job title, and personnel file of each person Defendant will have testify, whether by deposition or at trial. Further, for each such person please identify the department or departments in which said individual is employed by Defendant and a summary of the testimony that you expect from each such person.

**ANSWER:**

14. Please set forth the names and addresses of all persons known to yourself or your attorney that may have any knowledge whatsoever of the facts and circumstances as set forth in Plaintiffs' Complaint.

**ANSWER:**

15. Is there any person who has any knowledge of the information concerning this case whose name, business address and residence address is not listed in the answers to the preceding Interrogatories? If so, for each person, state as follows:

   a. The name, address and telephone number;
   b. The name and address of place of employment;
   c. The occupation and job title; and,
   d. The nature of the information he or she is believed to have.

**ANSWER:**

16. Does Defendant have a "Litigation Unit" or a "Suits Against the Company Unit" with the responsibility of monitoring litigation, claims, or actions brought against Defendant?  If so, please:

   a. The specific name of the Unit, Department or Division that has the above-noted responsibility;
   b. The name of the regional manager or individual in charge of the aforementioned Unit(s);
   c. The name and business address of the individual from these Units or Departments who have been assigned to Plaintiffs' claim in this matter;
   d. A full and complete description of the job duties and responsibilities of the individuals assigned to these Units or Departments;
   e. Please provide with your Answers to these Interrogatories a full and complete copy of all reports, evaluations of claim reports, memorandums, documents, emails, or correspondence (including computer generated correspondence) between these Departments and any other employees of Defendant regarding any aspect of Plaintiffs' claim in this matter; and
   f. Further, please advise as to whether said individual had any input, affect, or reviewed these Answers to Interrogatories prior to their delivery to the Plaintiffs' counsel in this matter.

9

**ANSWER:**

17. Please provide, excluding letters to and from counsel, all adjuster notes, communications, letters, records, photos, videos, reports, daily logs, transcripts, and all documents (i.e. the complete file) regarding this claim.

**ANSWER:**

18. Please state the name of each expert witness you intend to call at the trial and include their business address, telephone number, social security number and furnish their curriculum vitae.

**ANSWER:**

19. For everyone named in your answer to interrogatory #18 above, please state:

    a. Their educational background, including all educational institutions attended after high school, degrees held, dates and institutions from which degree were conferred;

    b. If the expert is a medical doctor and/or osteopathic physician, please state where residency and/or internship was done, when it was completed, any area of specialization during internship was done, when it was completed, any area of specialization during internship of residency and the names of all supervising physicians;

        i. State the name and address of all hospitals where the expert has privileges;

        ii.      State whether the expert has ever been denied privileges or had privileges revoked at any hospital, state the date of the action and the exact reasons for the action;

    c. Their membership in professional association or organization;

    d. Whether they are board certified or board qualified, including the area of specialty, and, if board-qualified, whether their specialty examination has been attempted and the number of times attempted;

10

e. The titles and citations of all published articles authored or co-authored by the expert, and, if you will do so without a motion to produce, please attach copies of each such published article;
f. State the names and addresses of all employers of the expert since he or she attained his or her highest professional degree and list the dates of each employment.

**ANSWER:**

20. For each expert listed in answer to Interrogatory #18 above, please state:

a. the subject matter or area as to which he or she will testify.
b. The substance of the facts and opinions on which such person is to testify;
c. A summary of the grounds for each opinion of each such person;
d. His or her experience in similar or comparable automatic doors, medical occurrences, injuries, illnesses or disabilities.

**ANSWER:**

21. Have you provided any expert with a digest or transcript of any conversation, emails, or text messages between Plaintiffs and defendants, or Plaintiffs' counsel and defendants, made at any time? This interrogatory is meant to also encompass known or surreptitiously made taped conversations or text messages made between Plaintiff or Plaintiffs' counsel and defendants, or written memorandums made of any conversations had. Please attach copies of such conversations or texts, or if recorded an accurate unedited copy of the recording (CD, DVD, etc).

a. Please specify exactly what documents, records, or electronic data have been provided to each expert identified in these answers.

**ANSWER:**

11

22. Please state whether any individual identified in Interrogatory #18 has rendered a written report, and if so, for each such report, please state:

    a. The author and date of such report;
    b. To whom it was addressed;
    c. The name and address of the person who currently has possession of said report;
    d. The contents of any such report.

**ANSWER:**

23. For each expert identified in Interrogatory #18, please give a complete bibliography of books, treatises, articles and other works or publications which such witness regards and will rely as authoritative on the subject on which such person will testify.

**ANSWER:**

24. Please provide every reason, every opinion, and every study on which defendant and/or it's experts will rely upon and base each of its defenses.

**ANSWER:**

25. Please state whether you have retained or specially employed any person relating to the alleged occurrence in anticipation of litigation or for trial preparation purposes whom you do not expect to call as an expert witness at the time of the trial.

**ANSWER:**

26. If your answer to interrogatory #25 is in the affirmative, please identify each such person in detail, giving name, profession or occupation and address and the area of investigation or opinion which was rendered.

12

**ANSWER**

27. For every expert witness identified herein, whether to be called as a witness or not, please state:

    a. The caption, court and docket number of all other cases in which such person has testified as an expert, the party for whom they proffered testimony, and the name of that party's counsel and law firm;

    b. The caption, court and docket number of any other cases in which said person has testified as a non-expert witness, and the party for whom they proffered testimony, and the name of that party's counsel and law firm;

    c. The caption, court and docket number of any other cases to which said person has been a party, and the name of the counsel and law firm.

**ANSWER:**

28. Have you or any representative on your behalf engaged any expert to examine the automatic door involved in this incident? If so, please answer the following:

    a. The name and address of all such experts;
    b. The date or dates of examination of the product;
    c. Was there a report prepared regarding said examination? If so, please give the date(s) of same;
    d. Would you kindly attach a copy of said report without the necessity of a Motion? If not, why not?

**ANSWER:**

29. Did you or any representative on your behalf take any photographs or cause any photographs to be taken of the automatic door involved in

13

this incident following this incident?  If so, please answer the following:

   a. The name and address of the person who took said photographs;
   b. State when and where said photographs were taken;
   c. State who has present possession of the negatives and/or prints.

**ANSWER:**

30. On the day of the incident in question, had the automatic door in question ever been changed, altered or modified in any way?  If so, state for each such change, alteration or modification:

   a. Date(s);
   b. The nature of such change, alteration or modification;
   c. Reason(s) for same;
   d. Name and address of person and/or organization performing the change, alteration or modification.

**ANSWER:**

31. Give the names, address, place of employment, home and business telephone numbers, job titles and capacities, and last known whereabouts of any person known to you, your insurer, agent, employees or attorney who witnessed the incident in question, or was in the vicinity immediately before, at the time, or just after its occurrence.

**ANSWER:**

32. Did Defendant, any of its agents or adjusters, or anyone on Defendant's behalf interview or receive any statement from any person witnessing the incident in question, who was in the immediate vicinity of the incident in question, and/or those persons who have any information or knowledge concerning any aspect that gave rise to Plaintiffs' claims or any issue of damages Plaintiffs are seeking in this

14

action? This interrogatory includes is but not limited to eye-witnesses, Menards employees, police, fire department personnel, emergency medical personnel and medical personnel. If yes, please attach a full and complete copy of every statement taken in your answers to these Interrogatories, including the following:

    a. The names and addresses of the persons giving and taking such statements;
    b. The date or dates such statement(s) were taken;
    c. Whether such statement(s) were written or oral;
    d. The names and addresses of the persons presently in possession of any statement reduced to writing and/or recorded on a mechanical device;
    e. Will you, without a Motion to Produce, attach a copy of each request above to your answers to these Interrogatories? If not, why not?

**ANSWER:**

33. State whether you or anyone in your behalf made a written, oral or recorded report of this incident to any insurance company. If so, please state:

    a. The names, addresses and telephone numbers of the insurance companies to which written reports were made;
    b. Describe the general contents of all communications you or anyone acting in your behalf made to any insurance company relevant to this incident, giving the dates and whether they were made by letter, telegraph, messenger, telephone or any other means of oral or written communication;
    c. The names and addresses of the parties to all such communications, and if you know it, give the police number of which such communication refer, or a claim file number to which such communication refer.

**ANSWER:**

15

34. Have you or anyone in your behalf interviewed or conversed with any agent, servant or employee of any Defendant in this action about the incident in question or events prior or subsequent thereto? If so, as to each please state

   a. The name or other means of establishing identify of the agent, servant or employee of the Defendant;
   b. The name, address and relationship to you of any person who was party to such an interview or conversation;
   c. Whether the interview or conversation was by telephone or in person;
   d. The name or other means of establishing the identify or each person who overheard any portion of the interview or conversation;
   e. The date and place where it took place;
   f. The specific subject(s) or topic(s) discussed;
   g. The substance of any statement made by the agent, servant or employee of the Defendant.

**ANSWER:**

35. Please provide the name of the manufacturer for the automatic doors in question, including:

   a. The manufacture's principal place of business;
   b. Any and all contracts/agreements between the manufacturer and Menards;
   c. A copy of all manuals for the automatic doors involved in this incident.

**ANSWER:**

36. Please provide the name of the installer for the automatic doors in question, including:

   a. The installer's principal place of business;
   b. The type of door installed;

16

    c. Any and all contracts/agreements between the installer and
      Menards;

    d. Any and all contracts/agreements between the manufacturer and
      the installer;

    e. The employee(s) who installed the doors;

    f. The time and date of installation.

**ANSWER:**

37. Are there any pending and/or prior lawsuits in relation to the
automatic doors at the said Menards location? If so, please provide the
case names, jurisdiction, and court file numbers.

**ANSWER:**

38. Please provide all prior complaints regarding the automatic doors at
the said Menards location.

**ANSWER:**

39. Has anyone ever claimed to have been injured or struck by the
automatic doors at the Menards location in Plaintiffs' complaint? If so,
please provide:

    a. The name, address and telephone number of the person(s)
      struck or injured;

    b. Which automatic doors struck or injured the person;

    c. The date and time the person(s) were struck by the door;

    d. The incident report for the person(s) being struck by the door.

**ANSWER:**

40. Is the type of automatic door in question a swinging door, sliding door,
or folding door? If the automatic door in question is not one of the
three above, please state what type of automatic door it is.

17

**ANSWER:**

41. Please provide all advertising and promotional material used in connection with the automatic door involved in this incident, including but not limited to advertising and promotional material for the manufacturer, installer, and the sensors manufacturer and installer.

**ANSWER:**

42. What national standards, including all ANSI standards, applies to the automatic doors described in Plaintiffs' complaint?

**ANSWER:**

43. Please provide all documentation prepared by the original installing technicians showing exactly how the door in question was configured and adjusted at installation, including the following:

    a. The actual numerical values of settings such as the hold times appended to the motion and presence sensor signals;
    b. The location of photobeam sensors;
    c. The number of infrared presence sensor LED's enabled,
    d. Door speed (normal and check):
    e. Exact frequency of operation of each microwave motion sensor beam in the system (if more than one);
    f. The serial number and/or production identification number;
    g. The sensitivity setting of each motion and presence sensor in the system.

**ANSWER:**

44. Prior to the incident in question, when was the last repair and/or maintenance work/service on the automatic doors done, and provide the following:

   a. The name of person, persons, and/or business working/servicing on the automatic door;
   b. The personnel file of the person, persons, and/or business working on the automatic door;
   c. Describe the repair of maintenance work/service;
   d. Give the date of the work/service;
   e. State the name and address of the person or persons who have custody of the repair or maintenance records.

**ANSWER:**

45. After the incident in question, when was the earliest repair and/or maintenance work/service on the automatic doors done, and provide the following:

   a. The name of person, persons, and/or business working/servicing on the automatic door;
   b. The personnel file of the person, persons, and/or business working on the automatic door;
   c. Describe the repair of maintenance work/service;
   d. Give the date of the work/service;
   e. State the name and address of the person or persons who have custody of the repair or maintenance records.

**ANSWER:**

46. Please provide all the maintenance, service, and repair records of the automatic door in question from installation up to present time. This interrogatory includes notes, communications, letters, records, photos, videos, reports, daily logs, transcripts, and all documents (i.e. the complete file) regarding this claim.

**ANSWER:**

47. Please provide a complete history of any modifications made to the door after the original installation, including any and all records, daily logs, transcripts, and all documents (i.e. the complete file) regarding this interrogatory.

**ANSWER:**

48. Please provide a complete technical documentation relating to the door and equipment installed and in operation at this Menard location at the time of the incident.

**ANSWER:**

49. Please provide all documents of safety inspections and the reports or findings for those inspections from the date of installation to present time, including the following:

   a. The employee(s) or non-employees who did the inspections;
   b. The date, time, and length of each inspection;
   c. Daily logs;
   d. The requirements for each safety inspection that takes place.

**ANSWER:**

50. Please describe as fully and as completely as possible the events leading up to and including the incident in question. This Interrogatory seeks a full and complete explanation of how the incident happened and how it is alleged that the automatic door in question injured the Plaintiff.

**ANSWER:**

51. Are there any policies of insurance that covered you as to the matters of your alleged negligence recited in the pleadings of this case?

**ANSWER:**

52. If the answer to #51 above is yes, please state the name and home office address of the company or companies affording such insurance.

**ANSWER:**

53. If the answer to # 51 above is yes, state the policy limits for every policy listed, and please state what is the applicable deductible or self-insured retention for each policy.

**ANSWER:**

54. Please provide the name of the sensor manufacturer, as well as the Menard contracts and documents for the sensors, including:

    a. The principal place of business for the sensor manufacturer;
    b. The type of sensors on the automatic door in question;
    c. How many sensors on the automatic door in question;

**ANSWER:**

55. Please provide the documents and contracts to any and all related equipment of the automatic door in question that has not already been provided in the preceding interrogatories.

**ANSWER:**

56. Please provide all manuals in relation to the automatic door in question, including but not limited to the owner's manual, training manual, sensor manual, and the service manual.

21

**ANSWER:**

57. How many safety checks are done on the automatic door in question on an annual and weekly basis? Please provide records, daily logs, transcripts, and all documents (i.e. the complete file) regarding this interrogatory.

**ANSWER:**

58. How many periodic maintenance checks are done on the automatic door in question on an annual and weekly basis? Please provide records, daily logs, transcripts, and all documents (i.e. the complete file) regarding this interrogatory.

**ANSWER:**

59. Who or what company services the automatic door in question? Please provide the name and principal place of business. This interrogatory pertains to all services the automatic door in question may require, including but not limited to maintenance and safety checks/issues.

**ANSWER:**

60. Please provide a list of every employee working at this Menard's Davison, Michigan location on the date of Plaintiffs' injury, May 9, 2016, in the following departments or Menard job locations: maintenance, repair, greeter, assigned to electronic door area, manager, assistant manager, including:

    a. The names of all employees;
    b. The addresses of all employees;
    c. The contact information for all employees;
    d. The personnel file of all employees; and
    e. The shift or time period each employee worked.

22

**ANSWER:**

61. Please admit that plaintiff was not negligent and did not cause nor do anything to cause this incident with defendant's automatic door.

    a. If the above is denied, please provide in full, specific factual detail every reason for the denial.

**ANSWER:**

62. Please admit that there is no other non-party at fault for this incident with defendant's automatic door.

    a. If the above is denied, please provide in full, specific factual detail every reason for the denial, including the name, address, and contact number of every person or company Menard's believes is at fault for this incident.

**ANSWER:**

63. Please admit that the subject automatic doors, sensors, and related equipment were located on Menard's premises and were within the control and possession of Menard and its employees.

    a. If the above is denied, please provide in full, specific factual detail every reason for the denial.

**ANSWER:**

64. Does Defendant claim that any of the reports, memos, statements, proof of claim forms, incident reports, pictures, or other investigative materials requested in any of these Interrogatories are privileged or protected from production? If so, please provide a "Privilege Log" including:

    a. A full and complete list of all documents and articles you have withheld;
    b. A statement as to the nature of the document or article withheld;
    c. The foundation for Defendants' claim of privilege;

23

d. A brief description of the contents;
e. The date the document or article was created; and
f. The individual or entity that has custody of said document or article.

**ANSWER:**

Submitted by:
Dated: _May 17, 2018_

George Hamo (P33033)
Alex Hamo (80620)
Attorney for Plaintiff
614 S. Grand Traverse St.
Flint, MI 48502
810-234-3666
Fax: 234-9057

24

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY LUKETICH and JOSEPH
LUKETICH,

                Plaintiffs,

-vs-

MENARD, INC.,

                Defendant.

USDC Case No.
Lower Court Case No. 18-110973-NO
Judge:
Mag. Judge:

| | |
|---|---|
| GEORGE HAMO P33033<br>ALEX HAMO P80620<br>Attorneys for Plaintiffs<br>614 S. Grand Traverse St.<br>Flint, MI 48502<br>(810) 234-3667 (Fax: 9057) | CHANEL R. SHAMOUN P75102<br>GARAN LUCOW MILLER, PC<br>Attorney for Defendant<br>10801 S. Saginaw St., Bldg. D<br>Grand Blanc, MI 48439<br>(810) 695-3700 (Fax: 6488) |

## **AFFIDAVIT**

STATE OF MICHIGAN  )
                   )SS
COUNTY OF GENESEE)

      CHANEL R. SHAMOUN, being first duly sworn, deposes and says, that she is associated with the law firm of GARAN LUCOW MILLER, P.C. and that she has been charged with the defense and representation of MENARD, INC., Defendant herein; that in such capacity she has prepared the foregoing Notice for Removal of Cause to the United States District Court, Eastern District of Michigan, Southern Division, that the matters set forth in said Notice are true except as to those matters stated herein to be upon her information and belief as to which matters she is informed and believes same to be true.

Further deponent sayeth not.

s/CHANEL R. SHAMOUN
CHANEL R. SHAMOUN P75102

Signed and sworn to before me a Notary
Public this 12th day of June, 2018.

/s/Kristi L. Weber
KRISTI L. WEBER, Notary Public
Genesee County, Michigan
My Commission Expires: 10-3-21

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY LUKETICH and JOSEPH
LUKETICH,

                Plaintiffs,

-vs-

MENARD, INC.,

                Defendant.

USDC Case No.
Lower Court Case No. 18-110973-NO
Judge:
Mag. Judge:

| | |
|---|---|
| GEORGE HAMO P33033<br>ALEX HAMO P80620<br>Attorneys for Plaintiffs<br>614 S. Grand Traverse St.<br>Flint, MI 48502<br>(810) 234-3667 (Fax: 9057) | CHANEL R. SHAMOUN P75102<br>GARAN LUCOW MILLER, PC<br>Attorney for Defendant<br>10801 S. Saginaw St., Bldg. D<br>Grand Blanc, MI 48439<br>(810) 695-3700 (Fax: 6488) |

## **VERIFICATION**

    CHANEL R. SHAMOUN, first being duly sworn, states that she is the attorney for

Defendant, Menard, Inc., and that the foregoing Notice of Removal is true in substance

and in fact to the  best of her knowledge, information, and belief.

                                 s/CHANEL R. SHAMOUN
                                 Garan Lucow Miller, P.C.
                                 10801 S. Saginaw Street
                                 Building D
                                 Grand Blanc MI  48439
                                 810.695.3700
                                 E-mail: cshamoun@garanlucow.com
                                 P75102

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY LUKETICH and JOSEPH
LUKETICH,

                Plaintiffs,

-vs-

MENARD, INC.,

                Defendant.

USDC Case No.
Lower Court Case No. 18-110973-NO
Judge:
Mag. Judge:

| GEORGE HAMO P33033 | CHANEL R. SHAMOUN P75102 |
|---|---|
| ALEX HAMO P80620 | GARAN LUCOW MILLER, PC |
| Attorneys for Plaintiffs | Attorney for Defendant |
| 614 S. Grand Traverse St. | 10801 S. Saginaw St., Bldg. D |
| Flint, MI 48502 | Grand Blanc, MI 48439 |
| (810) 234-3667 (Fax: 9057) | (810) 695-3700 (Fax: 6488) |

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2018, my assistant, Oneida Dodson, electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

George Hamo P33033
ghamo@hamolaw.com

Alex Hamo P80620
ahamo@hamolaw.com

Ronda Cole-Rutledge
rcole@hamolaw.com

and I hereby certify that on June 12, 2018, my assistant, Oneida Dodson, mailed by United States Postal Service the paper to the following non-ECF participants, with full legal postage prepaid thereon and deposited in the United States mail:

N/A

s/CHANEL R. SHAMOUN
Garan Lucow Miller, P.C.
10801 S. Saginaw Street
Building D
Grand Blanc MI  48439
810.695.3700
E-mail: cshamoun@garanlucow.com
P75102